UNITED STATES of America, Plaintiff-Appellee,

v.

Giovani YATE, Defendant-Appellant.

No. 97-5155.

United States Court of Appeals,

Eleventh Circuit.

May 24, 1999.

Appeal from the United States District Court for the Southern District of Florida. (No. 97-25-CR-JAL), Joan A. Lenard, Judge.

Before EDMONDSON and MARCUS, Circuit Judges, and ALARCON[*], Senior Circuit Judge.

PER CURIAM:

Defendant Giovani Yate appeals his 120-month sentence for conspiracy to import cocaine in violation of 21 U.S.C. § 963.

This case presents the issue of whether a sentencing court's finding that a defendant has truthfully admitted the conduct comprising the offense of conviction for purposes of an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1, is incompatible with a finding that the defendant has failed to satisfy the requirement of U.S.S.G. § 5C1.2(5) that the defendant truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.

A sentencing court's conclusion that a defendant accepted responsibility under section 3E1.1 does not preclude a finding that the defendant has failed to meet the affirmative-disclosure requirement of section 5C1.2(5):[1] briefly stated, section 5C1.2(5) is a "tell-*all* " provision, demanding a different kind of disclosure than section 3E1.1 demands.[2] *See United States v. Sabir,* 117 F.3d 750, 752 (3d Cir.1997) ("[T]he acceptance

[*]Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[1]We do not decide whether a defendant who has satisfied the requirement of section 5C1.2(5) is entitled to a reduction for acceptance of responsibility: That issue is not before us.

[2]Section 5C1.2(5) requires the defendant to "truthfully provide[ ] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct

of responsibility provisions in the guidelines plainly do not subsume all of a defendant's responsibilities under the safety valve provisions."); *United States v. Arrington,* 73 F.3d 144, 149 (7th Cir.1996) ("[T]he admission of responsibility necessary to obtain a reduction under § 3E1.1(a) is not necessarily sufficient to satisfy [§ 5C1.2(5) ]."); *United States v. Adu,* 82 F.3d 119, 124 (6th Cir.1996) ("[T]he fact that the defendant qualified for a two-level acceptance of responsibility reduction under § 3E1.1(a) does not establish eligibility for a safety valve reduction under § 5C1.2."). We therefore AFFIRM Yate's sentence.[3]

AFFIRMED.

---

or of a common scheme or plan[.]" In contrast, for an acceptance-of-responsibility reduction, "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction.... A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain [the reduction,]" as long as the defendant does not falsely deny relevant conduct. U.S.S.G. § 3E1.1, comment. (n.1(a)).

[3]Yate's other arguments—about the factual sufficiency of his disclosure, a mitigating-role reduction, and a downward departure—lack merit and do not warrant discussion.