[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11091
Non-Argument Calendar

_____

D. C. Docket No. 04-00365-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FABIAN GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 13, 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Fabian Gonzalez appeals his convictions and 120-month sentence for (1) conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 846, and (2) attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 846.  Gonzalez contends that (1) the district erred in denying a safety valve reduction; (2) the district court erred in applying a two-level firearm enhancement; and (3) his sentence violates the Ex Post Facto Clause and the Due Process Clause in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

First, we address Gonzalez's argument that the district court erred in denying a safety-valve reduction.  We review for clear error the district court's factual determinations in its decision to deny safety valve relief.  Johnson, 375 F.3d at 1301. The Sentencing Guidelines provide that if the  defendant meets all five criteria in U.S.S.G. § 5C1.2(a), he is entitled to a two-level safety-valve decrease of his base offense level.  U.S.S.G. § 2D1.1(b)(7).  The defendant has the burden of proving that he meets all five criteria for the safety valve reduction.  United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004).  To meet the criteria under Section 5C1.2(a) "not later than the time of the sentencing hearing," the defendant must truthfully provide to the government all evidence and

2

information he has concerning the offense. U.S.S.G. § 5C1.2(a)(5); see also 18 U.S.C. § 3553(f)(1)-(5). Specifically, he has "an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." Johnson, 375 F.3d at 1302 (internal citations omitted). This requirement is more than mere acceptance of responsibility: it "is a 'tell-*all*' provision." United States v. Yate, 176 F.3d 1309, 1310 (11th Cir. 1999).

Gonzalez did not present any evidence to the district court to show he met the criteria of the safety-valve reduction. Gonzalez contends that the court erred in finding that he was not entitled to a safety-valve reduction, because the court did not question Gonzalez to make a credibility determination and did not make a factual finding about whether the information he had provided to law enforcement was truthful. The district court did not clearly err in refusing to grant Gonzalez a safety-valve reduction. He had the burden of demonstrating that he met the safety-valve criteria, and he failed to present any evidence about the information he had disclosed to the government. See Johnson, 375 F.3d at 1302.

Although the government was not required to, it presented the testimony of Agent Julio Lima, who stated that Gonzalez had not been truthful because he had attempted to minimize his role in the offense and cast greater blame on his

3

codefendants. Gonzalez's argument that the district court did not make a factual finding as to whether Gonzalez had been truthful fails, because the court credited the information Agent Lima provided to the court while implicitly rejecting Gonzalez's attorney's unsubstantiated argument that Gonzalez had been truthful. Contrary to Gonzalez's assertion, the district court is not required to question defendants to test their credibility. Gonzalez could have chosen to testify at the sentencing hearing or otherwise indicate that the facts as Agent Lima had presented them were incorrect. He did not.

Gonzalez next argues that the district court erred in applying a two-level weapon enhancement. Anyone who violates 21 U.S.C. § 841(a) shall be sentenced as follows: if the violation involved "5 kilograms or more of a mixture or substance containing a detectable amount of [cocaine] . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(ii).

Even if the district court erred in applying the two-level weapon enhancement, the court was required to impose the 120-month mandatory minimum sentence unless it found the safety valve applicable. See 21 U.S.C. § 841(b)(1)(A)(ii). We have already concluded that the court correctly denied safety-valve relief. Thus, any potential error in attributing to Gonzalez the two-

4

level weapon enhancement was harmless.  See Fed. R. Crim. P. 52(a) (stating that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

Gonzalez's third argument, that his sentence violates the Ex Post Facto Clause and Due Process Clause in light of Booker, fails.  We determined that Gonzalez was correctly sentenced to the statutory minimum, and any argument based on Booker does not change that fact.  See United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (explaining that district courts remain bound by statutory minimum sentences despite Booker's remedial holding that the Sentencing Guidelines are merely advisory).

Finally, neither Gonzalez nor the Government raises any issue regarding the inconsistencies between the charges in the indictment to which Gonzalez pleaded guilty and the charges that appear in the judgment.  Nonetheless, we may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct those errors.  See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to the district court to correct the clerical errors where the statute cited in the judgment and commitment order was incorrect).  "It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried or

found guilty of the crime recited in the judgment." <u>United States v. Diaz</u>, 190 F.3d 1247, 1252 (11th Cir. 1999).

The judgment entered by the district court against Gonzalez contains two clerical errors. First, the judgment does not reference the substantive criminal provision, 21 U.S.C. § 841(a)(1), which was contained in the indictment for Count One. Second, the judgment incorrectly describes the nature of the offense for Count Two as possession—instead of attempt to possess—with intent to distribute five kilograms or more of cocaine. We vacate and remand the district court's judgment for the limited purpose of correcting these clerical errors.

**AFFIRMED** in part; **VACATED** in part **AND REMANDED**.