[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11618
Non-Argument Calendar

_____

D. C. Docket No. 04-00173-CR-7-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO SOSA-SAUCEDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 15, 2006)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pedro Sosa-Saucedo appeals his 120-month sentence for conspiracy to

possess with intent to distribute 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 846; and possession with intent to distribute 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2. On appeal, Sosa-Saucedo argues that the district court clearly erred in denying him a "safety-valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(7) (2004).

"[We] review[] a district court's factual determinations and subsequent denial of 'safety valve' relief for clear error." United States v. Poyato, 454 F.3d 1295, 1297 (11th Cir. 2006) (quoting United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004)). The district court's application of the Guidelines is reviewed de novo. Id. The standards for reviewing the application of the guidelines before United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), continue to apply after Booker as well. See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005). The defendant has the burden of proving his eligibility for relief under U.S.S.G. § 5C1.2. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

The Sentencing Guidelines provide for a two-level reduction in the offense level for certain drug-related crimes if the defendant meets five criteria as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). See U.S.S.G. § 2D1.1(b)(7). The defendant must show: (1) he does not have more than one criminal history point;

2

(2) he did not use violence or possess a firearm or other dangerous weapon during the offense; (3) death or serious bodily injury did not occur to any person as a result of the offense; (4) he was not an "organizer, leader, manager, or supervisor of others in the offense" and not engaged in a continuing criminal enterprise; and (5) he truthfully provided the government with all information and evidence he has concerning the offense. 18 U.S.C. § 3553(f); U.S.S.C. § 5C1.2(a). The record supports, and the parties do not dispute, that Sosa-Saucedo meets the first four criteria. The point of contention lies with the fifth factor under § 5C1.2(a).

The fifth factor of the safety-valve requires truthful and complete disclosure of information known by the defendant. U.S.S.G. § 5C1.2(a)(5). "[T]he defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" Johnson, 375 F.3d at 1302 (quoting United States v. Yate, 176 F.3d 1309, 1310 (11th Cir. 1999)). However, it is the responsibility of the district court to determine the truthfulness of the information the defendant provided to the government, and the court errs if it defers to the government on this issue. United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

"[I]t is the offense for which the defendant is convicted that determines the scope of information which the defendant must disclose." Johnson, 375 F.3d at

3

1302.  In <u>Cruz</u>, we held that the defendant, who was convicted of a drug-related conspiracy, was obligated to disclose "all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." <u>Cruz</u>, 106 F.3d at 1557.

Upon review of the record and consideration of the briefs of the parties, we find no reversible error because Sosa-Saucedo failed to meet his burden of proof under U.S.S.G. § 5C1.2(a)(5).  Sosa-Saucedo was convicted of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.  Accordingly, he was required to disclose information about buyers, suppliers, and anyone else he introduced into the conspiracy.  However, the record does not demonstrate that Sosa-Saucedo disclosed such information even though he admitted to participating in other transactions.  Specifically, he did not admit to introducing his brother into the cocaine distribution chain until after the government presented evidence of the intercepted phone calls.  Later, in his allocution, he contradicted his attorney's representation and denied his brother's involvement in the intercepted phone call.  Thus, Sosa-Saucedo has not shown that the district court clearly erred in finding he failed to satisfy the fifth element of the safety-valve provision.  Accordingly, we affirm.

**AFFIRMED.**

4