[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12688
Non-Argument Calendar

_____

D. C. Docket No. 06-00500-CR-03-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALVARADO-MOJICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 4, 2008)**

Before ANDERSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Alvarado-Mojica appeals his sentence of 120 months' imprisonment, imposed after he pled guilty to (1) conspiring to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 846; and (2) possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(A). Alvarado-Mojica argues that the district court clearly erred by denying "safety-valve" relief, pursuant to U.S.S.G. §§ 2D1.1(b)(9) and 5C1.2(a) (2006), because he provided a complete and truthful statement concerning his involvement in and knowledge of the offense, which he reiterated in his testimony during the sentencing hearing.

For the reasons set forth more fully below, we affirm.

Pursuant to the Supreme Court's decision in United States v. Booker, the Sentencing Guidelines are no longer mandatory. 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). Although the Guidelines are merely advisory, a district court must calculate the advisory sentencing range correctly, and must consider it when determining a defendant's sentence. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005). Booker does not alter our previously established standards of review of the district court's interpretation of the Guidelines. See id.

We review "a district court's factual determinations and subsequent denial

of 'safety valve' relief for clear error." United States v. Camacho, 261 F.3d 1071, 1073 (11th Cir. 2001) (citing United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997)). The district court's application of the Guidelines is reviewed de novo. United States v. Garcia, 405 F.3d 1260, 1274 (11th Cir. 2005). The defendant has the burden of proving his eligibility for relief under U.S.S.G. § 5C1.2. Cruz, 106 F.3d at 1557.

The Sentencing Guidelines provide for a two-level reduction in the offense level for certain drug-related crimes if the defendant meets five criteria as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). U.S.S.G. § 2D1.1(b)(9) (2006). The defendant must show: (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm or other dangerous weapon during the offense; (3) death or serious bodily injury did not occur to any person as a result of the offense; (4) he was not an "organizer, leader, manager, or supervisor of others in the offense" and was not engaged in a continuing criminal enterprise; and (5) he truthfully provided the government with all information and evidence he has concerning the offense. 18 U.S.C. 3553(f); U.S.S.G. § 5C1.2(a). In addition to a two-level reduction in the offense level, a defendant who meets the above criteria must be sentenced "without regard to any statutory minimum sentence." U.S.S.G. § 5C1.2(a). The record supports and the parties do not dispute that Alvarado-

3

Mojica meets the first four criteria. The point of contention lies with the fifth factor under § 5C1.2(a).

The fifth factor of the "safety-valve" is a "tell-all" provision: "the defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (quoting United States v. Yate, 176 F.3d 1309, 1310 (11th Cir. 1999)). However, it is the responsibility of the district court to determine the truthfulness of the information the defendant provided to the government. United States v. Espinosa, 172 F.3d 795, 796 (11th Cir. 1999). "[I]t is the offense for which the defendant is convicted that determines the scope of information which the defendant must disclose." Johnson, 375 F.3d at 1302. In Cruz, we held that the defendant, who was convicted of a drug-related conspiracy, was obligated to disclose "all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." Cruz, 106 F.3d at 1557.

Here, the record indicates that the offense involved 20 kilograms of cocaine. The record also indicates that Alvarado-Mojica was living, at least part-time, in the same house with a codefendant and had unlimited access to that house. The record

4

further indicates that Alvarado-Mojica knew that he was delivering a container full of drugs to that house, which also was found to contain $45,000 in cash along with drug packaging supplies. Despite his connection to the codefendant, Alvarado-Mojica failed to provide the government or the court with any information about her or her boyfriend, but instead claimed that he did not know the codefendant's boyfriend and had agreed to deliver the drugs to the house for her boyfriend as a one-time favor.

We have indicated that, where an offense involves a large quantity of drugs, it is reasonable to infer that those drugs will be distributed and thus, reasonable to infer that the defendant will have knowledge of additional information concerning the intended distribution of those drugs. See Johnson, 375 F.3d at 1302-03. Here, the district court made specific findings that, based on the large quantity of cocaine involved in the offense, Alvarado-Mojica's residence in and access to the house he shared with a codefendant, and the fact that a large amount of cash and drug packaging supplies were found inside that house, Alvarado-Mojica's explanation that he engaged in the offense as a one-time favor was not credible. "When a defendant argues that the district court made erroneous findings of fact and as a consequence applied the sentencing guidelines incorrectly, the appellate court shall give due regard to the opportunity of the sentencing court to judge the credibility

of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." United States v. Glinton, 154 F.3d 1245, 1258-59 (11th Cir. 1998) (quotation and alteration omitted).  Because, in light of the evidence in the record, it was reasonable to infer that Alvarado-Mojica would have knowledge of additional information concerning the distribution of the cocaine and the involvement of the codefendant and her boyfriend, the district court did not clearly err by finding that Alvarado-Mojica failed to provide a complete and truthful disclosure sufficient to qualify for "safety-valve" relief.

In light of the foregoing, Alvarado-Mojica's sentence is

**AFFIRMED.**