[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12026
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-10050-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY TOGNACI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 21, 2008)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

On September 21, 2007, U.S. Customs and Border Protection agents stopped and boarded appellant's 36-foot sail boat off the Florida coast. In a hidden compartment, the agents found 188 kilograms of marijuana. On October 4, 2007, a Southern District of Florida grand jury indicted appellant, in Count One, for attempting to import into the United States more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 963, and, in Count Two, with possessing a quantity of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, appellant pled guilty to Count Two, which subjected him to a mandatory minimum prison sentence of 60 months.

The presentence investigation report ("PSI") calculated appellant's sentence range under the Guidelines at 60 to 71 months, after giving him credit for acceptance of responsibility and increasing the base offense level by two levels under U.S.S.G. § 2D1.1(b)(2)(B) for having been the pilot or captain of the sail boat. At sentencing, appellant objected to the enhancement and moved for "safety valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The Government objected to such relief on the ground that appellant's written account of his criminal activity failed to disclose the source, financier, or distributor of the marijuana. The district court sustained the objection, and sentenced appellant to

the mandatory minimum sentence of 60 months. He now appeals his sentence.[1]

He argues that the court erred in denying his request for safety valve relief because he fulfilled its criteria by disclosing to the Government all information related to the specific offense for which he was charged. Additionally, he argues that the district court erred in enhancing his base offense level under § 2D1.1(b)(2)(B) by finding him to be a captain of his sail boat.

## I.

"[We] review[] a district court's factual determinations and subsequent denial of 'safety valve' relief for clear error." United States v. Camacho, 261 F.3d 1071, 1073 (11th Cir. 2001) (citing United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997)). The defendant has the burden of proving his eligibility for relief under U.S.S.G. § 5C1.2. Cruz, 106 F.3d at 1557.

In United States v. Brownlee, 204 F.3d 1302, 1304 (11th Cir. 2000), we explained that the safety-valve provisions of § 5C1.2 implement 18 U.S.C. § 3553(f) and permit a sentence below a statutory minimum sentence; if a defendant meets the criteria set forth in the statutory subsection. The Guidelines

---

[1] In his brief on appeal, appellant does not challenge his conviction, the general applicability of a statutory mandatory minimum sentence, or the reasonableness of his sentence. We therefore do not consider these issues. See United States v. Blasco, 702 F.2d 1315, 1332 n.28 (11th Cir. 1983). Further, we do not consider the constitutional challenge to the safety valve determination that he raises for the first time in his reply brief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that a party abandoned an issue by failing to raise it in the opening brief).

provide for a two-level reduction in the base offense level for certain drug-related crimes if the defendant meets five criteria as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). U.S.S.G. § 2D1.1(b)(7). The defendant must show, among other things, that he truthfully provided the government with all information and evidence he had concerning the offense. 18 U.S.C. § 3553(f); U.S.C. § 5C1.2(a).

With respect to disclosure of information, "[i]t is the offense for which the defendant is convicted that determines the scope of information which the defendant must disclose." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004). "[T]he defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" Id. (quoting United States v. Yate, 176 F.3d 1309, 1310 (11th Cir. 1999)).

In Johnson, a defendant, convicted of cultivation of marijuana plants, challenged a finding that he did not truthfully provide the government with all information he possessed, because he did not divulge information about the intended distribution of the marijuana plants he was cultivating. Johnson, 375 F.3d at 1301-02. The defendant argued that he provided all of the information necessary because the scope of information he was required to disclose was properly defined with reference to the crime of cultivation. Id. at 1302. We held

4

that, "given the [ ] large number of plants, the district court did not err in reasonably inferring that [the defendant] was growing the marijuana for distribution," and that "[n]o reasonable law enforcement officer investigating this cultivation offense would [have] fail[ed] to ask [the defendant] about the intended distribution of such a large quantity of marijuana." Id. at 1302-03. We, therefore, concluded that the district court properly determined that information about the intended distribution related to the defendant's offense of conviction, and that it did not err in finding that the defendant failed to satisfy the 'tell all' factor in § 5C1.2(a)(5) by not disclosing this information. Id. at 1303.

We broadly interpret the scope of the Guidelines relevant conduct provision. United States v. Behr, 93 F.3d 764, 765 (11th Cir. 1996). That provision requires consideration of the following:

> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
> . . .
> (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;
> (3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; and
> (4) any other information specified in the applicable guideline.

5

U.S.S.G. § 1B1.3.

Appellant did not fully disclose all the information he had concerning his offense, including how he intended to distribute the marijuana he possessed. Hence, the court properly rejected his statement as insufficient to merit safety valve relief.

## II.

In evaluating a district court's imposition of an offense level enhancement, "we review a district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo." United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003) (affirming a 'captain' enhancement under U.S.S.G. § 2D1.1(b)(2)(B)). Clear error is present if we are "left with a definite and firm conviction that a mistake has been committed" by the district court. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation omitted). However, an incorrect factual determination related to application of the Guidelines does not require remand if the error does not affect the selection of the sentence imposed. See United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) (noting how mandatory minimum rendered any error in challenged guideline calculation harmless).

Section 2D1.1 of the Guidelines directs that a defendant's offense level

6

should increase two levels if he "unlawfully imported . . . a controlled substance under circumstances in which . . . the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance."  U.S.S.G. § 2D1.1(b)(2).

We have not adopted narrow definitions for § 2D1.1(b)(2)(B) and look to the facts of each case to apply functional definitions.  See United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005) (interpreting the term captain).  In Cartwright, the defendant argued that the district court erroneously interpreted § 2D1.1(b)(2)(B) to include anyone who operates a vessel as a captain.  Id. at 1298.  Although the defendant was driving the boat, the evidence showed that he was not in a position of authority on the vessel.  Id.  We held, however, that the § 2D1.1(b)(2)(B) enhancement applied because the defendant was a lifelong fisherman, drove the boat, and used a compass to navigate.  Id. at 1299.

Here, appellant owned and solely operated the vessel carrying the marijuana and qualified as a captain or other operation officer.  The district court therefore properly enhanced his base offense level pursuant to U.S.S.G. § 2D1.1(b)(2)(B).

Appellant's sentence is

**AFFIRMED.**