[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14036

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONCY TORRIANNE HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:23-cr-00017-TKW-MJF-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Joncy Hall appeals her 120-month sentence, challenging the district court's denial of safety-valve relief pursuant to 18 U.S.C. § 3553(f). After careful review, we affirm.

## I.

On September 14, 2023, Hall pled guilty to three counts of various drug violations.[1] As part of the agreement, Hall signed a statement of facts that she agreed could be proven beyond a reasonable doubt. It explained that Hall conspired with Ryan Massey, among others, to distribute methamphetamine. It further listed certain cooperating defendants who would testify that Hall picked up and transported drugs for Massey on several occasions.

A presentence investigation report (PSI) was prepared for the sentencing hearing. Ultimately, the PSI calculated Hall's guideline range as 87 to 108 months' imprisonment. It noted that while one of the counts mandated a minimum term of 120 months' imprisonment, the court could impose a sentence without regard to

---

[1] These violations include: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; (2) distribution of methamphetamine, *id*. §§ 841(a)(1) and (b)(1)(C); and (3) distribution of five grams or more of methamphetamine, *id*. §§ 841(a)(1) and (b)(1)(B)(viii).

the floor since the Hall seemingly met the safety-valve criteria in 18 U.S.C. § 3553(f)(1)–(5).

Relevant to this appeal, the government objected to the PSI's application of safety-valve relief for failure to satisfy the fifth prong's requirement. Specifically, it highlighted how Hall had tested positive for methamphetamine while on pretrial release and, in a subsequent proffer to law enforcement, both denied knowing Massey and failed to provide any information on the distribution channels. Hall countered that law enforcement knew she had a drug issue and that she showed signs of being on drugs during the challenged proffer. She contended that any inaccuracies were due to her addiction. However, when the court pointed out that Hall had not attempted to make a more truthful proffer in the following months, Hall acknowledged that such a failure was significant.

Based upon these arguments, the district court denied safety-valve relief. It explained that Hall had not been fully truthful in her proffer, regardless of whether it was due to potential drug use or simply a choice not to be forthright. Combined with other adjustments at the sentencing hearing, the court calculated the resulting guideline range as 135 to 168 months' imprisonment. The court sentenced Hall to the mandatory minimum of 120 months' imprisonment for each count, to run concurrently, followed by five years' supervised release.

Hall timely appealed. She argues that the district court clearly erred when it denied her safety-valve relief under 18 U.S.C. § 3553(f) for failure to provide a truthful and complete proffer to

the government as to the methamphetamine-distribution conspiracy. Hall primarily contends that the statement of facts she signed in connection with her plea agreement satisfied the proffer requirement under § 3553(f).

## II.

When faced with the denial of safety-valve relief, we review a district court's factual determinations for clear error and its legal interpretations of the statutes and Sentencing Guidelines de novo. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004) (per curiam). "[T]he defendant bears the burden of proving eligibility for safety-valve relief." *United States v. Milkintas*, 470 F.3d 1339, 1345 (11th Cir. 2006) (per curiam).

Safety-valve relief permits sentencing without regard to statutory minimums when specific requirements are met. 18 U.S.C. § 3553(f). Here, the parties only dispute the final requirement, which demands that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *Id.* § 3553(f)(5); *see also* U.S.S.G. § 5C1.2(a)(5). This factor "is a 'tell-*all*' provision: to meet its requirements, the defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" *Johnson*, 375 F.3d at 1302 (quoting *United States v. Yate*, 176 F.3d 1309, 1310 (11th Cir. 1999)). The convicted offense "determines the scope of

23-14036              Opinion of the Court              5

information which the defendant must disclose." *Id.* For example, where a defendant is convicted of conspiracy to possess with intent to distribute, the "burden is on the defendant to come forward and to supply truthfully to the government all the information that [she] possesses about [her] involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

Importantly, "lies and omissions do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing." *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000). Instead, their lies and omissions remain relevant, becoming "part of the total mix of evidence for the district court to consider in evaluating the completeness and truthfulness of the defendant's proffer." *Id.* (quotation marks omitted).

The district court did not clearly err[2] in denying safety-valve relief for Hall. There was evidence before the court that Hall both lied about her involvement with Massey and omitted relevant details about her prior and subsequent drug distribution—including her own recent consumption. *See Cruz*, 106 F.3d at 1557. While

---

[2] The parties dispute whether plain error review applies based upon the framing of Hall's arguments at the district court. Because we find that the district court's decision withstands clear error review, we limit our analysis accordingly.

any lies or omissions will not necessarily disqualify Hall from safety-valve relief, the court is entitled to consider her actions in the total mix of evidence for a complete and truthful proffer. *See Brownlee*, 204 F.3d at 1305. Contrary to Hall's contentions, the record reflects that the district court questioned both sides about the weight of the statements in Hall's proffer and independently determined their truthfulness and completeness. And her acquiescence to a prior statement of facts, containing basic investigative information, fails to demonstrate that Hall carried her burden under § 3553(f)(5). *See Milkintas*, 470 F.3d at 1345. Based upon this record, we cannot say that the court clearly erred in finding Hall failed to demonstrate that she provided all information and evidence she had concerning her drug convictions.

## III.

We find no error in the district court's denial of Hall's safety-valve relief. Accordingly, we affirm her sentence.

**AFFIRMED.**