PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/29/2000
THOMAS K. KAHN
CLERK

_____

No. 98-2106

_____

D.C. Docket No. 97-00177-CR-T-24E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELLIOTT  R. BROWNLEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 29, 2000)**

Before EDMONDSON and MARCUS, Circuit Judges, and STROM[*], Senior
District Judge.

STROM, Senior District Judge:

_____

  [*] Honorable Lyle E. Strom, Senior U.S. District Judge for the District of Nebraska, sitting
by designation.

Appellant Elliott Brownlee appeals the district court's denial of U.S.S.G. § 5C1.2 safety-valve relief. The application of the federal sentencing guidelines to uncontroverted facts is a legal issue to be reviewed de novo. *United States v. Clavijo*, 165 F.3d 1341, 1343 (11th Cir. 1999).

## I. BACKGROUND

Appellant, Elliott Brownlee, entered a plea of guilty on August 14, 1997, to six counts involving conspiracy to possess with intent to distribute cocaine base and cocaine under 21 U.S.C. § 846, possession of those substances with intent to distribute under 21 U.S.C. § 841(a)(1), and distribution of those substances under 21 U.S.C. § 841(a)(1). Upon his arrest in January 1997, Brownlee gave a proffer regarding his drug activity to a Drug Enforcement Administration task force agent. In this proffer, Brownlee admitted to his involvement in the sale of cocaine, but he did not truthfully disclose the source of the cocaine at this time, nor on later occasions.

On January 8, 1998, the day before Brownlee's sentencing hearing, Brownlee's trial counsel contacted the prosecutor, telling him that Brownlee would meet with him before the sentencing hearing to disclose information. On the morning of Brownlee's sentencing hearing, Brownlee met with the prosecutor and case agent and disclosed that co-defendant Alfred Wright, Jr. was the source of the cocaine. The district court then conducted the sentencing hearing for co-defendant Alfred Wright, Jr., at which

the government called Brownlee as a witness. On the witness stand, Brownlee testified that Alfred Wright was the source of the cocaine. After the district court sentenced Wright, it conducted Brownlee's sentencing hearing. Finding that Brownlee's base offense level was 32, the district court added a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, and reduced that level by three offense levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 31. The district court sentenced Brownlee to 120 months imprisonment, the mandatory minimum for his offenses. Had the district court applied safety-valve relief for Brownlee, he would have been entitled to a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(6), resulting in an offense level of 29 and a sentencing range of 87-108 months.

## II. DISCUSSION

In 1994 Congress enacted a provision allowing district courts to sentence less-culpable defendants without regard to the mandatory minimum sentences in certain cases. *See* U.S.S.G. § 5C1.2. This Guideline has been nicknamed the "safety-valve" provision. The safety valve provision, which implements 18 U.S.C. § 3553(f), requires a district court to sentence a defendant in certain drug-possession cases "without regard to any statutory minimum sentence" if the defendant meets five criteria. U.S.S.G. § 5C1.2; *United States v. Figueroa*, ___ F.3d ___ (11th Cir. 2000).

If the Court determines that all five criteria are met, " 'the court shall impose a sentence pursuant to [the Guidelines] without regard to any statutory minimum sentence.' " *United States v. Real-Hernandez*, 90 F.3d 356, 361 (9th Cir. 1996) (citing U.S.S.G. § 5C1.2). There is no dispute in this case that the first four criteria of § 5C1.2 are satisfied. The sole issue on appeal is whether Brownlee satisfied U.S.S.G. § 5C1.2(5), which provides:

> Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(5). The government argues that the Court should read § 5C1.2(5) as requiring a defendant to disclose all information in good faith. The government further contends that defendant's previous lies about his knowledge do not constitute disclosing information in good faith. *See United States v. Ramunno*, 133 F.3d 476 (7th Cir. 1998) (stating that § 5C1.2 benefits only those defendants who have made a good faith attempt to cooperate with the authorities) (citations omitted). We decline to adopt the government's view.

The plain language of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 provides only one deadline for compliance, "not later than the time of the sentencing hearing." *United States v. Schreiber*, 191 F.3d 103, 106 (2nd Cir. 1999). It is undisputed that Brownlee met this deadline. Nothing in the statute suggests that a defendant who previously lied or withheld information from the government is automatically disqualified from safety-valve relief. *Id*. A similar situation to Brownlee's occurred in *United States v. Tournier*, 171 F.3d 645 (8th Cir. 1999). In *Tournier*, the defendant gave three interviews prior to sentencing, each time disclosing information that was untruthful. The defendant later gave a fourth interview prior to sentencing, where she completely and truthfully disclosed the relevant information. Upon such disclosure, the district court granted the defendant safety-valve relief. In affirming that decision, the Eighth Circuit declined to adopt the government's view that safety-valve relief should not apply to defendants who wait until the last minute to fully cooperate. The court held that since the defendant had finally provided truthful and complete information before the sentencing hearing, although the court admitted that obtaining truthful information from that defendant had been "grudging and fitful," like "pulling teeth," she was entitled to safety-valve relief. *Id*. at 647. *See also United States v. Gama-Bastidas*, 142 F.3d 1233 (10th Cir. 1998) (holding that defendant's attempt to furnish information to the court and the government in the Judge's chambers prior to

5

the sentencing hearing was not "too late" to be entitled to safety-valve relief). "Moreover, to the extent that the government's interest in disclosure could justify penalizing defendants who lie or withhold information during proffer sessions, a similar scheme already exists independent of the safety valve." *See Schreiber*, 191 F.3d at 108 (citing U.S.S.G. § 3C1.1 (obstruction of justice)). We follow those circuits who have held that lies and omissions do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing. *Id*.

This does not mean that the defendant's prior lies are completely irrelevant. In making this determination, the evidence of his lies becomes "part of the total mix of evidence for the district court to consider in evaluating the completeness and truthfulness of the defendant's proffer." *Schreiber*, 191 F.3d at 108.

The question of whether the information Brownlee supplied to the government the morning of his sentencing was truthful and complete, however, is a factual finding for the district court. *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999) (stating that it is the district court's responsibility to determine the truthfulness of the information the defendant provided to the government). Because the district court disqualified Brownlee from safety-valve relief at the threshold, the district court never

6

considered the factual question of whether his final proffer was complete and truthful.

## III. CONCLUSION

We therefore VACATE Brownlee's sentence and REMAND with instructions that the district court resentence Brownlee in accordance with this opinion.