[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 20, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-12809
Non-Argument Calendar

_____

D. C. Docket No. 04-00209-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO LAZARO HORTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 20, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

On January 28, 2005, appellant pled guilty to possession with intent to

distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). On May 6, 2005, the district court sentenced appellant to a prison term of 41 months. He now appeals. He contends that the district court erred when it refused to decrease his base offense level by two levels under U.S.S.G. § 2D1.1(b)(7), which is available to defendants who qualify for a "safety valve" reduction. According to appellant, by the time of the sentencing hearing, the cut-off time for qualifying for the reduction, he provided the Government with a complete and truthful statement about his involvement in the offense conduct. In addition, he submits that he demonstrated his willingness to cooperate with the authorities by the fact that (1) he confessed to committing the offense at the time of arrest, (2) he made himself available for debriefing, and (3) his attorney submitted a letter to the Government in which appellant denied that the drugs at issue were his, and that he was merely transporting them for someone named "Fito."

We review the district court's factual determinations under U.S.S.G. § 5C1.2 for clear error, United States v. Cruz , 106 F.3d 1553, 1557 (11th Cir. 1997), giving due regard to the opportunity of the sentencing judge to assess the credibility of witnesses. United States v. Jenkins, 901 F.2d 1075, 1083 (11th Cir. 1990). We also note that the defendant has the burden of proving his eligibility for relief under § 5C1.2. Id.

Section 2D1.1(b)(7) provides that if the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2, he should get a two-level reduction. U.S.S.G. § 2D1.1(b)(7). Because there is no dispute as to whether appellant satisfied the first four criteria of § 5C1.2, we need not address them.

Section 5C1.2(5) states, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, . . . ." U.S.S.G. § 5C1.2(5). To satisfy § 5C1.2(5), the defendant "must demonstrate to the court that he has made a good faith attempt to cooperate with the authorities." Cruz, 106 F.3d at 1557. "[I]t is the offense for which the defendant is convicted that determines the scope of information which the defendant must disclose." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004). Where the offense is the possession with intent to distribute a controlled substance, the scope includes "information relating to the involvement of others and to the chain of the narcotics distribution." Cruz, 106 F.3d at 1557.

We have held that "nothing in the statute suggests that a defendant who previously lied or withheld information from the government is automatically disqualified from safety-valve relief." United States v. Brownlee, 204 F.3d 1302,

1304 (11th Cir. 2000). However, evidence of defendant's previous untruthfulness is not completely irrelevant, but becomes "part of the total mix of evidence for the district court to consider in evaluating the completeness and truthfulness of the defendant's proffer." Id. at 1305.

Appellant has failed to show that the district court clearly erred when it found that he was not eligible for the "safety valve" reduction. First, it was reasonable for the district court to expect that he had additional information about the chain of the narcotics distribution, which he did not provide to the Government. Second, in determining whether he made a good faith attempt to truthfully provide the Government with all relevant information, the district court properly considered as part of the total mix, the fact that he made contradictory statements to authorities regarding his level of involvement in the offense conduct.

In sum, appellant has failed to show that the district court clearly erred in finding that he was not interested in cooperating with the Government by truthfully providing it with all relevant information.

AFFIRMED.