[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14100
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-60275-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX GHEORGHIU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 21, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Alex Gheorghiu appeals his 48-month sentence for conspiracy to

possess with intent to distribute methylenedioxymethamphetamine hydrochloride ("MDMA"), in violation of 21 U.S.C. § 846. On appeal, Gheorghiu first argues that he should have received a minor-role reduction because his only conduct in a lengthy conspiracy was a one-day appearance.

We review a district court's decision on whether to grant a minor-role reduction for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

> Minimal participants may receive a four-level reduction, [and] minor participants may receive a two-level reduction. . . *See* U.S.S.G. § 3B1.2(a), (b). The commentary to the Guidelines instructs that a four-level reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group . . . . and their lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.1, comment. (n.1). The application note provides, for example, that a four-level reduction would be appropriate "for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment. (n.2). In contrast, a minor role in the offense "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3).

*Id.* at 939.

The defendant has the burden of establishing his role by a preponderance of evidence. *Id.* For a sentencing court to determine whether to grant a minor-role

reduction, it considers two principles. *Id.* at 940. First, the court must measure the defendant's role against the relevant conduct for which she is being held accountable. *Id.* We have noted that "[o]nly if the defendant can establish that she played a relatively minor-role in the conduct for which she has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant" a minor-role reduction. *Id.* at 944. The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* at 934.

Because the record demonstrates that Gheorghiu was held accountable only for his own conduct in supplying the MDMA, we conclude from the record that the district court did not err in failing to grant a minor-role reduction. As to this issue, we affirm the district court.

Gheorghiu next argues that, because he eventually told the government the truth regarding the instant offense, he was entitled to safety-valve relief. The standard of review of a district court's factual determinations of whether to grant safety-valve relief is clear error. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). "The question of whether the information [that the defendant] supplied to the government . . . was truthful and complete . . . is a factual finding for the

3

district court." *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).

"The burden of proof on the truthfulness issue lies, of course, with the defendant."

*United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999). The district court's

findings of credibility are accorded special deference. *United States v. Amedeo*,

370 F.3d 1305, 1318 (11th Cir. 2004).

A defendant is entitled to safety-valve relief if he "meets [*inter alia*, the]

criteria [that] not later than the time of the sentencing hearing, the defendant has

truthfully provided the Government all information and evidence the defendant has

concerning the offense or offenses that were part of the same course of conduct."

*United States v. Simpson*, 228 F.3d 1294, 1304-1305 (11th Cir. 2000) (citing 18

U.S.C. § 3553(f); U.S.S.G. § 5C1.2).

> Nothing in the statute suggests that a defendant who previously lied or
> withheld information from the government is automatically
> disqualified from safety-valve relief. . . . We follow those circuits who
> have held that lies and omissions do not, as a matter of law, disqualify
> a defendant from safety-valve relief so long as the defendant makes a
> complete and truthful proffer not later than the commencement of the
> sentencing hearing.

*Brownlee*, 204 F.3d at 1304-05. However, the district court, when deciding on the

defendant's truthfulness, may take into account the defendant's previous

untruthfulness, and the evidence of his lies becomes "part of the total mix of

evidence for the district court to consider in evaluating the completeness and

4

truthfulness of the defendant's proffer." *Id.* at 1305 (internal quotations and citation omitted).

Here, Gheorghiu has failed to show that the district court clearly erred when it found that he was not entitled to the safety-valve reduction. The district court properly considered as part of the total mix, the fact that Gheorghiu was not truthfully forthcoming about his supplier and mailing controlled substances to himself. Because Gheorghiu has failed to show that the district court clearly erred in finding that he had not truthfully provided to the government all relevant information that he had concerning the offense that was part of the same course of conduct, we affirm the district court's finding.

For the above-stated reasons, we affirm Gheorghiu's sentence.

**AFFIRMED.**

5