[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15967
Non-Argument Calendar

_____

D. C. Docket No. 06-60074-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERUBES RAMIREZ-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 25, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Erubes Ramirez-Martinez appeals his 120-month sentence for conspiracy to

possess with intent to distribute heroin, and attempted possession with intent to distribute heroin, both in violation of 21 U.S.C. § 846. Martinez-Ramirez argues that the district court erred in denying him a safety-valve reduction of his sentence. He asserts that the district court erred (1) by finding that his statements in support of a safety valve reduction were untruthful; and (2) by denying him a continuance to obtain evidentiary support for his statements.

The "safety-valve" provision, provided in U.S.S.G. § 5C1.2, requires a district court to sentence a defendant without regard to any statutory minimum if, *inter alia*, "the defendant has *truthfully* provided to the Government all information and evidence the defendant had concerning the offense . . .." U.S.S.G. § 5C1.2(5) (emphasis added). The question of whether the defendant's safety-valve statement is truthful is a factual finding, which we review for clear error. *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).

Here, Ramirez-Martinez initially told the court that he was involved in a conspiracy with an unnamed uncle and cousin. However, when pressed to identify these individuals, he changed his story and took the position that his co-conspirators were a man called "La Fania" in Baltimore and several unnamed individuals in New York. We have previously held that while lies and omissions do not automatically disqualify a defendant from safety valve relief, a defendant's

2

prior lies may be relevant as "part of the total mix of evidence for the district court to consider in evaluating the completeness and truthfulness of the defendant's [final] proffer." *Id.* (internal quotation marks omitted). We therefore find that the district court properly considered Ramirez-Martinez's prior falsehoods in determining that he was untruthful. Further, in light of these earlier statements, we conclude that Ramirez-Martinez has not met his burden of showing that the district clearly erred in finding him ineligible for safety-valve relief and accordingly, we affirm. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997) (finding that a defendant bears the burden of establishing the truthfulness of his statement).

Ramirez-Martinez also argues that the district court erred in denying him a continuance to seek further evidentiary support for his statement. We review a district court's denial of a motion to continue sentencing for abuse of discretion. *United States v. Lee*, 427 F.3d 881, 896 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1447 (2006). The defendant has the burden to demonstrate that "the denial was an abuse of discretion and that it produced specific substantial prejudice." *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir. 1985). First, we reject as irrelevant and unsupported, Ramirez-Martinez's argument that the motion was denied because the district court was in a hurry. Second, we agree with the district court that, in light of Ramirez-Martinez's repeated false statements, a continuance would

3

only delay the inevitable denial of a safety-valve reduction.  We therefore find that Ramirez-Martinez was not prejudiced by the denial of his motion and accordingly, we affirm the decision below.

**AFFIRMED.**