[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10731
Non-Argument Calendar

_____

D. C. Docket No. 05-20520-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR PEREZ-CORDOVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 14, 2007)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Hector Perez-Cordova appeals his concurrent 120-month sentences for conspiracy to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, and attempted possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, both in violation of 21 U.S.C. §§ 841(a)(1), 846.  After review, we affirm Perez-Cordova's convictions and sentences.

On appeal, Perez-Cordova argues that the district court erred in denying him safety-valve relief based on Perez-Cordova's failure to provide complete and truthful information about his offenses to the government.[1]

The safety-valve provision requires a district court to calculate the advisory guidelines range of certain drug offense defendants without regard to any mandatory-minimum sentence if the district court finds that the defendant meets the five criteria set forth in U.S.S.G. § 5C1.2.  18 U.S.C. § 3553(f); United States v. Quirante, 486 F.3d 1273, 1275 (11th Cir. 2007).  In addition, a defendant who meets the safety-valve criteria is entitled to a two-level reduction in his offense level.  U.S.S.G. § 2D1.1(b)(11).

Of the five criteria, the only one at issue in this appeal requires the defendant

---

[1]"When reviewing a district court's safety-valve decision, we review for clear error a district court's factual determinations and de novo the court's legal interpretation of the statutes and sentencing guidelines."  United States v. Poyato, 454 F.3d 1295, 1297 (11th Cir. 2006) (alterations and quotation marks omitted).

"not later than the time of the sentencing hearing" to provide truthful and complete information concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan. U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5). "The question of whether the information [that the defendant] supplied to the government . . . was truthful and complete . . . is a factual finding for the district court." United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000). "[L]ies and omissions do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing." Id. The defendant bears the burden of proving the truthfulness of his proffer. United States v. Milkintas, 470 F.3d 1339, 1345 (11th Cir. 2006); United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

We find no clear error in the district court's safety-valve ruling.[2] Perez-

_____

[2]We reject Perez-Cordova's contention that the district court's safety-valve ruling is insufficient to permit meaningful appellate review. The district court made an explicit finding that Perez-Cordova did not qualify for safety-valve relief because he did not truthfully provide all of the information and evidence that he had concerning the offenses and that Perez-Cordova was not being completely candid about his role in the offenses.

Furthermore, we reject Perez-Cordova's argument that the district court merely deferred to the government's assessment of the truthfulness of Perez-Cordova's statement. The record demonstrates that, after reviewing the transcripts of the taped conversations with the government's informant and hearing testimony from both Perez-Cordova and his co-conspirator, Ramon Otero-Montijo, the district court made independent safety-valve findings, specifically noting that its safety-valve determination was "based on what [it] heard" from Perez-Cordova at the second sentencing hearing.

Cordova did not satisfy his burden of proving that his safety-valve statement truthfully provided the government with all of the information he had concerning his offense conduct. The government disputed whether Perez's oral statement, which was given to the government outside the presence of the district court and was never reduced to writing, was truthful. In response, Perez-Cordova proffered his testimony at the sentencing hearing. This testimony, which related to his role in the drug conspiracy, was inconsistent with other evidence in the record.

First, Perez-Cordova's sentencing testimony was inconsistent with the facts to which he stipulated at his change of plea hearing. Specifically, Perez-Cordova admitted at his change of plea hearing that he asked one of the co-conspirators, Ramon Otero-Montijo, to drive from Orlando to Fort Lauderdale and instructed Otero-Montijo to be the driver for a third co-conspirator, Amador Suarez, who was completing a drug transaction. At sentencing, however, Perez-Cordova testified that it was Suarez, rather than himself, who asked Otero-Montijo to come to Fort Lauderdale from Orlando to be Suarez's driver and told Otero-Montijo about the upcoming drug transaction. Perez-Cordova did not attempt to reconcile these inconsistencies or explain which version of events was the truth.

Second, Perez-Cordova's testimony at sentencing was inconsistent with the testimony of Otero-Montijo as to whether Perez-Cordova recruited him to join the

drug conspiracy during a barbeque in Texas. Perez-Cordova did not demonstrate that his testimony, as opposed to Otero-Montijo's testimony, was the truth. Finally, Perez-Cordova's testimony that he had nothing further to do with the drug deal or with the government's confidential informant after his wife was hospitalized in Texas was inconsistent with the taped telephone conversations submitted by the government at the sentencing hearing. For all of these reasons, the district court did not clearly err in discrediting Perez-Cordova's testimony when it concluded that Perez-Cordova was not "being completely candid" about his role in the offenses.

While earlier lies and omissions do not, as a matter of law, disqualify a defendant from safety-valve relief, here, Perez-Cordova failed to provide any explanation for his inconsistencies at sentencing. These inconsistencies and the fact that Perez-Cordova's sentencing testimony attempted to portray him as playing a more limited role in the drug conspiracy provided a sufficient basis for the district court to conclude that Perez-Cordova did not provide complete and truthful information and to deny Perez-Cordova safety-valve relief.

**AFFIRMED.**