[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12271
Non-Argument Calendar

_____

D. C. Docket No. 06-00317-CR-RDP-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME EARL WALLACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 17, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jerome Earl Wallace appeals the district court's denial of safety-valve relief,

pursuant to U.S.S.G. § 5C1.2(a). According to the sentencing guidelines, a defendant who satisfies the five criteria for safety-valve relief[1] must receive a two level reduction in sentencing. The only issue in this appeal is whether Wallace "truthfully provided the government with all information and evidence he has concerning the offense." U.S.S.G. § 5C1.2(a).

As an initial matter, Wallace argues that the district court should have continued the sentencing proceedings to allow the government an opportunity to debrief him.[2] "Whether to grant a continuance is a matter committed to the sound discretion of the trial court, and its decision will not be disturbed unless there is a clear showing of abuse of discretion." United States v. Knowles, 66 F.3d 1146, 1160-61 (11th Cir. 1995). We have previously held "that a district court may continue a sentencing hearing to give a defendant an opportunity to debrief for the purpose of considering safety-valve relief, if the district court determines that the

---

[1] To qualify for safety-valve relief, the defendant must show: (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm or other dangerous weapon during the offense; (3) death or serious bodily injury did not occur to any person as a result of the offense; (4) he was not an "organizer, leader, manager, or supervisor of others in the offense" and was not engaged in a continuing criminal enterprise; and (5) he truthfully provided the government with all information and evidence he has concerning the offense. 18 U.S.C. 3553(f); U.S.S.G. § 5C1.2(a).

[2] At Wallace's original sentencing hearing, the district court erroneously concluded that it had no discretion to continue the hearing to allow Wallace further opportunity to qualify for safety-valve relief. Upon the joint motion of the parties in this appeal, we remanded the case to the district court to hold a hearing to determine whether to grant Wallace's request for a continuance. The district court held this additional hearing and denied Wallace's request for a continuance.

2

factual circumstances warrant a continuance." United States v. Garcia, 405 F.3d 1260, 1275 (11th Cir. 2005). We have also held that a defendant's lies or omissions will not as a matter of law preclude eligibility for safety-valve relief "so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing." United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000).

Here, the district court denied Wallace's request for a continuance based on its findings that Wallace had not provided truthful information about his involvement with cocaine distribution and the chain of narcotics distribution although he had the opportunity to do so before the sentencing hearing. The court also found that Wallace did not provide all of the information and evidence that he had concerning the offense and that a further continuance was not warranted because he already had multiple opportunities to submit the information.[3] See United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir.1997) ("[t]he burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics

---

[3] From the time of the commencement of his original sentencing hearing in April 2007 until the second hearing in February 2008, Wallace submitted three separate written statements in support of his request for safety-valve relief, which the district court considered when rendering its decision to deny the continuance and safety-valve relief.

distribution"). Thus, we find that the district court did not abuse its discretion by not granting Wallace's request for a continuance so that the government could debrief him.[4]

Wallace also argues that the district court improperly denied safety-valve relief because of omissions in his statements or because he lacked relevant or useful information. "When reviewing a district court's safety-valve decision, we review for clear error a district court's factual determinations." United States v. Poyato, 454 F.3d 1295, 1297 (11th Cir. 2006). Although we have held that lies or omissions will not necessarily preclude safety-valve relief, that is true only so long as the defendant provides a complete and truthful statement prior to the sentencing hearing. Brownlee, 204 F.3d at 1305.

Here, Wallace did not provide the government information pertaining to his own involvement in the offenses of which he was convicted, including the chain of narcotics distribution, and did not challenge the district court's finding that he

_____

[4] In Unites States v. Milkintas, 470 F.3d 1339, 1345-46 (11th Cir. 2006) we held that the government is not under a duty to solicit information from a defendant who has offered such information in regard to his request for safety-valve relief. Wallace argues that in Milkintas we also noted that where the defendant has already submitted a written proffer as he did, there is a circuit split on whether the government then has a duty to interview a defendant. Id. at n.4. However, we find that this circuit conflict does not affect our resolution of Wallace's case because the offer to submit to an interview only satisfies the safety-valve requirements when combined with the defendant's submission of a truthful written statement. See United States v. Brack, 188 F.3d 748, 763 (7th Cir.1999) (holding a defendant's truthful written statement combined with the defendant's offer to submit to a safety valve interview satisfied the safety valve disclosure requirement).

4

affirmatively misrepresented his role regarding cocaine distribution. Thus, the district court did not clearly err by finding that Wallace had failed to truthfully provide all information known to him regarding the offenses of which he was convicted. Therefore, we affirm the district court's finding that Wallace was ineligible for safety-valve relief.

**AFFIRMED.**