[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13222
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00107-CR-ORL-28-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX A. HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 19, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Felix A. Hernandez appeals his 135-month sentence for conspiracy to

possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

On appeal, Hernandez argues for the first time that the government violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), at sentencing by failing to provide him with a law enforcement agent's prior testimony in which the agent testified that a codefendant, Ricardo Enrique Perlaza, received $500 per box of cocaine. Hernandez contends that the testimony would have impeached other witnesses, who testified at his sentencing hearing that Perlaza received less than $500 per box of cocaine and that Hernandez received compensation for Perlaza's participation in the conspiracy. He also asserts that the district court erred by imposing a two-level enhancement, pursuant to U.S.S.G. § 3B1.1(c), based on a finding that he managed Perlaza, and, thereby, disqualifying him from a safety-valve reduction.

I.

We review a Brady claim not presented to the district court for plain error. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2004). To satisfy plain error review, an appellant must show there was an error that was plain that affected the appellant's substantial rights and affected the fairness and integrity of the proceeding. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123

2

L.Ed.2d 508 (1993).

In order to establish constitutional error in violation of Brady, a defendant must show:

> (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different.

United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1994). The government is not required to furnish a defendant with exculpatory evidence that is fully available through the exercise of due diligence. Wright v. Hopper, 169 F.3d 695, 702 (11th Cir. 1999).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error in this respect. Even if we assume arguendo that Brady applies at sentencing and protects a defendant who, like Hernandez, pled guilty, we still conclude that the government did not violate Brady by failing to provide the evidence. First, the statement was not necessarily favorable to Hernandez because Perlaza testified that Hernandez paid him $250 to $500 per parcel of cocaine. Second, there was no evidence that the government suppressed the information, as the sentencing transcript containing the statement was filed with the district court

3

two days before the conclusion of Hernandez's sentencing hearing. Third, the evidence was not material because the testimony did nothing to indicate that Hernandez did not recruit Perlaza or that he did not organize a relationship in the conspiracy with Perlaza. See Wright, 169 F.3d at 702 (finding that where testimony was neither suppressed nor material there was no Brady violation).

## II.

A district court's findings of fact are reviewed for clear error; however, the district court's application of the Guidelines to its factual findings is reviewed de novo. United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998).

The Sentencing Guidelines provide for a two-level increase in a defendant's offense level if he was "an organizer, leader, or supervisor in any criminal activity . . . ." U.S.S.G. § 3B1.1(c). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000); see also U.S.S.G. § 3B1.1, comment. n.2 ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). Factors to consider in determining whether the defendant qualifies for the § 3B1.1(c) role enhancement include: (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the

4

recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised of others. U.S.S.G. § 3B1.1, comment. n.4.

The safety-valve provision of U.S.S.G. § 5C1.2 implements 18 U.S.C. § 3553(f), and allows a court to sentence a defendant without regard to the statutory mandatory minimum sentence if the defendant meets five criteria. United States v. Brownlee, 204 F.3d 1302, 1304 (11th Cir. 2000). To be eligible for a safety-valve reduction, the defendant must show that: (1) he does not have more than one criminal history point; (2) he did not use violence or threats of violence or possess a firearm in connection with offense; (3) the offense did not result in death or serious bodily injury; (4) he was not an organizer, leader, manager, or supervisor of the offense "as determined under the sentencing guidelines" and was not engaged in a continuing criminal enterprise; and (5) he truthfully provided the government all information and evidence about the offense. 18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. § 5C1.2(a)(1)-(5). The government bears the burden of proving a U.S.S.G. § 3B1.1(c) enhancement. United States v. Lozano-Hernandez, 89 F.3d 785, 791 (11th Cir. 1996). However, the defendant bears the burden of proving his eligibility for the safety-valve reduction. United States v. Cruz, 106

F.3d 1553, 1557 (11th Cir. 1997).

Here, the record shows that the district court did not clearly err in finding that Hernandez was an organizer-manager in the conspiracy under U.S.S.G. § 3B1.1(c), as witnesses testified that Hernandez recruited at least one accomplice and that he was compensated for Perlaza's participation in the conspiracy. Additionally, the government presented evidence that Hernandez was "high up in the organization," not only accepting drug parcels, but also delivering drug proceeds from Orlando to Puerto Rico. With Hernandez's categorization as a § 3B1.1(c) manager, the court did not err in finding that he failed to meet the safety-valve requirements. Accordingly, we affirm Hernandez's 135-month sentence.

**AFFIRMED.**