[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10950
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60284-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANITA SIMONE SMELLIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Anita Simone Smellie pleaded guilty to knowingly and intentionally

possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(B). The district court sentenced her to the mandatory minimum term of 60 months in prison. Smellie challenges her sentence, contending that the district court erred when it determined Smellie was not telling the truth and thus was not entitled to "safety valve" relief under United States Sentencing Guidelines § 5C1.2.

## I.

Smellie's conviction was a result of her attempt to bring 1,487 grams of cocaine into the United States from Jamaica through the Ft. Lauderdale International Airport. Customs Border Protection officers noticed that she appeared nervous. Upon further inspection, the officers found cocaine inside the lining of her purse.

Smellie's first story was that the purse was not hers. She said that it belonged to her friend "G" that she stayed with while she was in Jamaica and that she did not know that there were drugs in the purse. She stated that she did not know "G's" real name, and she could only describe him as a tall, bald, thin, black Jamaican.

Smellie later told a second story, recanting part of her first one. She acknowledged her involvement in knowingly smuggling the drugs into the United States. Even so, she continued to assert that she did not have any additional

2

information about "G." She also asserted that she was not being given any sort of compensation to smuggle the cocaine.

Under a plea agreement, Smellie pleaded guilty to knowingly possessing more than 500 grams of cocaine with the intent to distribute it. She also provided a written statement, mirroring her second story, which she contended contained all of her knowledge regarding the crime. The government was not convinced that Smellie was telling the whole truth. It agreed to administer, and Smellie agreed to undergo, a polygraph examination that would be admissible at the sentence hearing. She was asked three questions; Smellie and the government agree that her answers to all three questions registered as "deceptive." This included her going back to her first story and saying that she did not know that the purse contained drugs—despite her plea and her admission in the second story. She also contradicted herself and created a third story, asserting that she thought the drugs were marijuana. One constant in all of her stories was her contention that she was not being compensated for carrying the drugs; this answer, like her stories, also registered as deceptive in the polygraph examination.

At the sentence hearing the district court denied Smellie's request for safety valve relief and sentenced her to the statutory minimum of 60 months in prison. It found that Smellie did not truthfully provide the government with all the

information she had regarding the crime. Specifically, the district court did not believe that a person whom Smellie did not know well enough to even know his real name would give her 1,487 grams of cocaine without any plan to get it back from her, or that Smellie would smuggle so much cocaine for no compensation or any other type of consideration. The district court found that the stipulated polygraph examination results further supported the finding that she was not being truthful.

## II.

"This court reviews a district court's factual determinations and subsequent denial of 'safety valve' relief for clear error." United States v. Camacho, 261 F.3d 1071, 1073 (11th Cir. 2001). The safety valve provision in the sentencing guidelines, "which implements 18 U.S.C. § 3553(f), requires a district court to sentence a defendant in certain drug-possession cases without regard to any statutory minimum sentence if the defendant meets five criteria." United States v. Brownlee, 204 F.3d 1302, 1304 (11th Cir. 2000) (quotation marks omitted). Of those five criteria in U.S.S.G. § 5C1.2, only the fifth requirement is disputed here. A defendant satisfies the fifth requirement if "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense . . . ."

4

U.S.S.G. § 5C1.2(a)(5). The burden is on the defendant to show that she has met all of the safety valve requirements. United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004).

Smellie has failed to meet her burden of showing that she met the fifth safety valve requirement. See U.S.S.G. § 5C1.2(a)(5). The district court reasonably concluded that Smellie failed to truthfully provide the government with all the information related to her conviction based on (1) her far-fetched story that "G"—a person whom she says she does not know well enough to even know his real name—would give her 1,487 grams of cocaine without any plan to retrieve it, (2) her far-fetched story that Smellie would take the risk of transporting 1,487 grams of cocaine for "G" out of the kindness of her heart, and (3) the results from the polygraph examination showing that she provided deceptive answers when asked about her far-fetched stories.

**AFFIRMED.**