[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10149
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20345-FAM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ENRIQUE BARRETO,
a.k.a. Carlos,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2012)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jose Barreto appeals his 60-month sentence, imposed after he pleaded guilty

to conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. On appeal, he argues that the district court erroneously declined to consider evidence from Barreto's investigator when determining whether Barreto was eligible for safety-valve relief under U.S.S.G. § 5C1.2. For the reasons set forth below, we affirm Barreto's sentence.

## I.

In 2009, Barreto conspired with Alexis Quiros and Dionide Ramos to sell heroin to an undercover officer. After Barreto pleaded guilty to conspiracy to distribute 100 grams or more of heroin, a probation officer prepared a presentence investigation report. The probation officer did not recommend granting Barreto safety-valve relief.

At the sentencing hearing, Barreto objected that, among other things, he was eligible for safety-valve relief. The government stated that Barreto had been debriefed, but the agents stopped the interview when he refused to identify his co-conspirators in photographs. Thus, the government opposed granting Barreto safety-valve relief. Barreto, through counsel, stated that he had told the agents how he met Ramos and Quiros, described the time he spent living with Ramos, and stated that a person in Orlando was named Oscar. The government responded that the agents did not know who Oscar was because Barreto had refused to look

at the photographs.  The court stated that Barreto was not eligible for safety-valve relief because he had not looked at the photographs, but the court was willing to hear Barreto testify in open court to resolve the safety-valve dispute.

Barreto stated that his investigator was at the debriefing, and he asked to admit her report into evidence.  He also argued that the agents had already identified the individuals and obtained their photographs.  Barreto informed the court that he was not willing to testify.  The court found that Barreto had not met his burden to show that he had provided the government with complete and truthful information regarding the offense, including information as to the involvement of others.  Barreto asked to introduce his investigator's report, his investigator's resume, and the government's wiretap application, which contained facts relevant to the debriefing.  The court allowed Barreto to file the documents, but declined to consider them.  The court explained that it would only be able to determine whether Barreto's statement was truthful if it heard Barreto testify.  The court was unable to make such a finding based on Barreto's past statements or based on the investigator's view of what had occurred during the debriefing.

After the court sentenced him to the statutory minimum sentence of 60 months' imprisonment, Barreto reiterated his objection that the court should have heard more evidence.  Barreto noted that both his investigator and the

3

government's agent were in court. The government stated that the investigator's report did not cover everything that was discussed during the debriefing, and the government repeated its argument that Barreto had not identified the individuals in photographs. Barreto agreed that he had refused to look at photographs. The court again explained that it could only determine whether Barreto's statement was complete and truthful after hearing Barreto testify. As the investigator and agent were not the persons deciding whether Barreto had made a statement that would render him eligible for safety-valve relief, their opinions were irrelevant. Because the court was not at the debriefing, a report summarizing that meeting was not helpful in making that determination.

## II.

We review the denial of an evidentiary hearing for an abuse of discretion. *United States v. Hill*, 643 F.3d 807, 874 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1988 (2012). "A court, by definition, abuses its discretion when it bases a decision on an erroneous legal premise" or on a clear error in judgment. *Id.* We review a district court's factual determinations regarding safety-valve relief for clear error. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). The defendant bears the burden of proving his eligibility for safety-valve relief. *Id.*

A defendant is eligible for safety-valve relief if he meets the five criteria set

4

forth in U.S.S.G. § 5C1.2. *Cruz*, 106 F.3d at 1557. The fifth prong, which is the only factor in dispute here, requires the defendant to truthfully provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). Information that the defendant must disclose includes "information relating to the involvement of others and to the chain of the narcotics distribution." *Cruz*, 106 F.3d at 1557. The defendant even must disclose information of which the government is already aware. *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000). The district court, not the government, must make the factual finding as to whether the defendant provided complete and truthful information to the government. *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).

The district court did not abuse its discretion in declining to consider evidence from Barreto's investigator. *See Hill*, 643 F.3d at 874. To receive safety-valve relief, Barreto was required to give a statement that was both truthful and complete. *See* U.S.S.G. § 5C1.2(a)(5). The district court was required to make its own determination as to whether Barreto's statement was truthful. *See Brownlee*, 204 F.3d at 1305. The district court's determination that it needed to hear Barreto's version of events, rather than a summary of his statements as

5

recounted by an investigator or an agent, was not a clear error in judgment. *See Hill*, 643 F.3d at 874. Hearing Barreto testify would have allowed the court to assess his candor and truthfulness based on his answers and demeanor.

Nor did the court abuse its discretion in determining that Barreto's testimony was necessary as to the issue of completeness. *See id.* Barreto and the government agreed that Barreto had refused to confirm the identities of individuals that he had discussed during the debriefing. Such information was required to obtain safety-valve relief. *See Cruz*, 106 F.3d at 1557. The court gave Barreto the opportunity to provide this information, but he declined to do so. Because the parties agreed that Barreto had not identified the individuals involved in the conspiracy in photographs, testimony from an investigator or an agent confirming that fact would not have shed additional light on the situation. Thus, the district court did not abuse its discretion in declining to consider evidence from Barreto's investigator in regards to whether Barreto's statement was both truthful and complete.

For the foregoing reasons, we affirm Barreto's sentence.

**AFFIRMED.**

6