[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11106
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00372-JDW-AEP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 5, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Alvin Martinez pled guilty to both counts of a two-count indictment

charging him (and four others) in Count One with conspiracy to possess with intent

to distribute five kilograms or more of a mixture and substance containing cocaine on board a vessel subject to the jurisdiction of the United States and, in Count Two with possession with intent to distribute the same on board a vessel subject to the jurisdiction of the United States.  And the District Court sentenced him to concurrent prison terms of 210 months, at the low end of the guideline sentence range of 210 to 262 months' confinement.  Martinez now appeals his sentences.

Martinez's appeal presents one issue: Whether the District Court erred by denying him safety-valve relief under U.S.S.G. § 5C1.2(a).  He argues that the Government failed to present independent and objective proof that he withheld information or lied during his proffer on pleading guilty.  He further asserts that he told the truth and disclosed all relevant information prior to the sentencing hearing, and that he cannot be punished for failing to answer questions that he was not asked by the Government during his proffer interview.

In reviewing the denial of safety-valve relief, we review the district court's factual determination of the truthfulness and completeness of a defendant's proffer for clear error.  *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004); *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).  The Sentencing Guidelines direct the court to impose a sentence within the applicable guideline sentence range without regard to any mandatory minimum when a defendant satisfies five criteria.  U.S.S.G. § 5C1.2(a).  The criterion relevant here is that the

2

defendant truthfully proffer, at a time no later than the sentencing hearing, all information that he has regarding his offense. *Id*. § 5C1.2(a)(5). If a defendant convicted of a controlled substance offense satisfies the U.S.S.G. § 5C1.2(a) criteria, he receives a two-level decrease in his offense level. *Id*. § 2D1.1(b)(16). The defendant has an affirmative responsibility to make a truthful and complete disclosure about the offense and all relevant conduct, and bears the burden of showing that he fulfilled this requirement. *Johnson*, 375 F.3d at 1302. The Government is under no obligation to solicit information from a defendant who seeks to qualify for safety-valve relief. *United States v. Milkintas*, 470 F.3d 1339, 1345-46 (11th Cir. 2006).

When a defendant lies or fails to proffer the whole truth, this does not preclude safety-valve relief *if* he gives a truthful and complete proffer "not later than the commencement of the sentencing hearing." *Brownlee*, 204 F.3d at 1305. In *United States v. Garcia*, 405 F.3d 1260, 1274-75 (11th Cir. 2005), we elaborated that the temporal element discussed in *Brownlee* is not binding, because the defendant in *Brownlee* gave his proffer prior to the commencement of sentencing. In *Garcia*, we held that the district court has discretion to continue a sentencing hearing to allow a defendant to make the necessary proffer, even where the motion to continue is made at the hearing. *Garcia*, 405 F.3d at 1275. In the typical case, though, the proffer should be made before the commencement of the sentencing

3

hearing.  *Id*. (noting that the situation in the case was atypical because the defendant did not speak English; the initial proffer interview was conducted without an independent translator; the defendant's counsel believed that the defendant had already made a sufficient proffer; and there was no evidence that the defendant's failure to give a full proffer prior to sentencing was done in bad faith).

We conclude that the District Court did not commit clear error in finding that Martinez's proffer was untruthful and incomplete.  Hence, the court did not err in denying Martinez's request for safety-valve relief.

AFFIRMED.